IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WANDA BRENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 11 C 964 |
| v. | ) |
| | ) Magistrate Judge Daniel G. Martin |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Wanda Brent seeks attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, after Magistrate Judge Morton Denlow reversed the Commissioner's decision and remanded the case for further consideration. When Judge Denlow retired from the bench, the case was reassigned to this Court. For the reasons explained below, Brent's Motion for Attorney's Fees Under the Equal Access to Justice Act [47] is granted.

### I. Background

Brent applied for disability insurance benefits and supplemental security income on December 1, 2005, alleging she became disabled on March 6, 2002 because of a back injury, bulging disc, depression, mood disorder, memory problems, and acid reflux disease. An Administrative Law Judge denied her applications, finding that Brent was able to perform a significant number of jobs in the national economy. Magistrate Judge Denlow reversed the final decision of the Commissioner and remanded the case because the ALJ erred in evaluating the medical opinions of Brent's treating psychiatrist and the state agency psychologists. Brent now seeks $8,690.20 for 48.8 hours of work on the case. The fees breakdown as 46.6 hours of attorney time at $182 per hour and 2.2 hours of legal assistant time at $95 per hour plus costs of $34.07.

## II. Discussion

The EAJA provides that the court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The proceeding to recover fees under the [EAJA] is intended to be summary . . . . The EAJA is meant to open the doors of the courthouse to parties, not keep parties locked in the courthouse disputing fees well after the resolution of the underlying case." Sosebeee v. Astrue, 494 F.3d 583, 588 (7th Cir. 2007) (internal quotation marks omitted). The Supreme Court has admonished that a request for attorney's fees "should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

It is undisputed that Brent is a prevailing party, and no special circumstances are alleged. The Commissioner also does not object to the number of hours that Brent's counsel spent in this case. The parties' only dispute centers on whether Brent is entitled to an attorney fee award that reflects an hourly rate of $182. The Commissioner maintains that Brent is entitled to no more than $125 per hour for attorney's fees.

The EAJA provides a maximum rate of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A)(ii). The statute permits a court to award a higher rate when "the court determines that an increase in the cost of living, or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Floroiu v. Gonzalez, 498 F.3d 746, 749 (7th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). As to the cost of living factor, the EAJA does not create "an *entitlement* to an inflation adjustment." Mathews-Sheets v. Astrue, 653 F.3d 560, 563 (7th Cir. 2011). "Inflation affects different markets, and different costs in the same market in different ways." Id. Accordingly, to establish a cost of living increase, "the lawyer seeking such

an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." Id.

In this case, an inflation enhancement to the statutory rate is warranted. Brent requests a costs of living increase to $182 per hour for attorney time. Brent contends that an increase in the hourly rate from $125 to $182 is justified for several reasons, including the increase in the Consumer Price Index (CPI). The CPI "for the Chicago-Gary-Kenosha region, as measured by the U.S. Department of Labor's Bureau of Labor Statistics, shows substantial inflation since 1996, when Congress amended the EAJA to raise the hourly ceiling from $75 to $125." Mireles v. Astrue, 2012 WL 4853065, at *1 (N.D. Ill. October 11, 2012). Brent's hourly rate of $182 is based on the change in the cost of living from March 1996 through January 2012, which is "the month in which the majority of legal work was performed by counsel [o]n this claim." (Doc. 47 at 4). Brent attached a CPI chart to her motion showing a 39.6% increase from March 1996 to December 2011. Brent also contends that by raising the maximum fee agreement limit for work at the administrative level by 50 percent from $4,000 to $6,000 since early 2002, the Social Security Administration has recognized that the cost for legal services has increased significantly since 1996.

Next, Brent submitted affidavits from four other experienced attorneys who primarily practice in the area of social security law in the Midwest region confirming that the relevant legal market could not sustain an hourly rate of $125 per hour. Attorney Jan L. Kodner states that he has been awarded an hourly rate ranging from $165 to $300 by the Social Security Administration for work at the administrative level. Attorney Eric Schnaufer charges between $175 and $300 per hour for non-contingency social security law work he performs for other attorneys. Attorneys Frederick J. Daley, Jr. and David F. Traver attest they would not be willing to represent social security claimants in federal court without the prospect of a cost of living increase under the EAJA that brings the fee award up to the maximum allowable amount based upon the current CPI. Daley and Traver also aver that their non-contingent hourly rate for work comparable to social security appeals such as

insurance or other benefit-related work is $500 per hour and $250 per hour, respectively.

As further evidence supporting an hourly rate increase in this case, Brent's counsel attests that his law office expenses have significantly increased since 1996, including rent (3% annually, which compounds to over 55% over 15 years), employee salaries (5% annually for legal staff and 3% to 4% for administrative staff), health insurance (at least 100% increase since 1996) as well as other costs associated with the practice of law (computerized research fees, continuing legal education courses, and even the cost of file folders). Brent's attorney confirms that these increases in expenses are due to inflation rather than choices that his law firm made. Claiborne v. Astrue, 2012 WL 2680777, at *4 (N.D. Ill. July 6, 2012) (holding similar representation by plaintiff's attorney, as an officer of the court, adequate to prove that increases to operating law officer due to inflation as opposed to law firm choices). Daley also states that salaries and overhead have significantly increased the costs of providing adequate legal services to his social security clients since 1996. Brent's attorney further states that he charges an hourly rate of $275 for non-contingency work, an increase of 52% over his 1996 rate of $180 per hour compared to the less than 46% increase he is requesting in the statutory EAJA rate.

The Commissioner has not presented any evidence to rebut Brent's showing. Other courts within the Seventh Circuit have found the same or similar supporting evidence by Brent's attorney (Barry Schultz) to be sufficient to justify an inflation adjustment to the EAJA hourly rate. See Mireles, 2012 WL 4853065 (Feinerman, J.); Just v. Astrue, 2012 WL 2780142 (N.D. Ill. July 9, 2012) (Kocoras, J.); Claiborne, 2012 WL 268077 (Finnegan, M.J.); Seabron v. Astrue, 2012 WL 1985681(N.D. Ill. June 4, 2012) (Schenkier, M.J.); Scott v. Astrue, 2012 WL 527523 (N.D. Ill. February 16, 2012) (Schenkier, M.J.). In accord with these other courts in this Circuit that have recently addressed this issue, the Court readily finds that Brent's uncontradicted evidentiary showing adequately demonstrates that a cost of living increase from the $125 per hour statutory rate is warranted.

The Commissioner argues that an inflation enhancement requires Brent to additionally show that without a cost of living increase that would bring the hourly rate up to $182, "a lawyer capable of handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case." Mathews-Sheets, 653 F.3d at 565. In Mathews-Sheets, the Seventh Circuit explained that "to justify a higher rate [than $125] the plaintiff must point to inflation *or* some other special factor." Id. at 563 (emphasis added). The other special factor mentioned in the statute is "the limited availability of qualified attorneys for the proceedings involved." Id. at 564; 28 U.S.C. § 2412(d)(2)(A)(ii). The plaintiff's lawyer in Mathews-Sheets "mentioned nothing other than inflation that might justify a fee award above the statutory presumptive ceiling." Id. at 564. Nevertheless, the Seventh Circuit continued:

> And so on remand the plaintiff's lawyer will have to show that without a cost of living increase that would bring the fee award up to $170 per hour, a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case.

Id. at 565. Applying this language, the Commissioner contends that Brent must show that absent a fee award of $182 per hour, no competent attorney in the Chicago metropolitan area would handle Brent's case. Brent maintains that she need not show that no competent attorney could be found to handle her claim for under $182 per hour.

The Court rejects the Commissioner's argument that an inflation adjustment requires a showing that without a cost of living increase, no lawyer can be found in the relevant geographical area to competently handle the plaintiff's judicial challenge to the denial of disability benefits. Careful reading of the Seventh Circuit's opinion as a whole makes it clear that Brent's interpretation "is more faithful to the EAJA's text and the overall thrust of Mathews-Sheets." Mireles, 2012 WL 4853065, at *2. As Judge Feinerman explained in the Mireles case:

> [T]he statute by its plain terms allows for a rate above $125 per hour under either of two circumstances: if "the court determines that an increase in the cost of living *or* a special factor, such as the limited availability of qualified attorneys for the

proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). To require a litigant seeking a cost of living increase to demonstrate the limited availability of qualified attorneys to do the job absent the adjustment would nullify Congress's decision, evidenced by its use of the disjunctive "or," to make inflation and the limited availability of competent attorneys (a "special factor") alternative routes to a fee above $125.

Id.; see also Claiborne, 2012 WL 268077, at *3 (noting that a dual requirement for an inflation increase "would seem at odds with the disjunctive language in the EAJA."). Additionally, "the Commissioner's interpretation would impose an unrealistic onus on claimants, as they would be required to prove that absolutely no [competent] attorney in a given geographical area would represent a claimant at $125." Just, 2012 WL 278012, at *2. The Seventh Circuit's decision in Mathews-Sheets is "best read" to require a claimant to demonstrate a general level of inflation in the region and that his attorney's costs of providing legal services have increased over the relevant period due to inflation. Mireles, 2012 WL 4853065, at *3-4; Just, 2012 WL 278012, at *2 (holding "it is more likely that Mathews-Sheets only requires that a claimant present evidence showing a general increase in attorney's fees in the relevant geographical area due to inflation, such that the legal market could not sustain an hourly rate of $125."). "Both showings are necessary because general inflation might not raise the particular costs of running a law office, while a particular attorney's increased costs might be attributable to factors other than inflation, such as the attorney's decision to move to a nicer office or to buy more expensive office supplies." Mireles, 2012 WL 4853065, at *3.

Here, Brent has made the necessary showing. Brent submitted the current regional CPI as well as affidavits from experienced regional social security attorneys stating the rates they have received for social security work at the administrative level or from other attorneys, attesting that they do not represent social security claimants without the prospect of a cost of living increase under the EAJA in conjunction with the current CPI, and/or confirming that their non-contingent hourly rates for work comparable to social security appeals are well above the statutory rate.

Brent's attorney also explained how much his hourly rate for non-contingency work has increased since 1996 and represented that his law office's salaries and overhead have increased due to inflation rather than other factors.

Other than arguing that Brent has failed to show that any inflation adjustment is warranted, the Commissioner does not challenge Brent's use of the CPI to calculate an appropriate inflation adjustment rate or the accuracy of her computations. Nor did the Commissioner propose an alternative inflation rate in the event the Court found that a cost of living increase was justified. The Court is therefore satisfied that the requested rate of $182 per hour is an appropriate inflation adjustment rate for work done primarily in January 2012. Mireles, 2012 WL 4853065 (approving rate of $181.25 per hour for EAJA fee award where majority of work done in May 2011); Claiborne, 2012 WL 2680777 (awarding hourly rate of $181.25 for work performed mostly in May 2011).

A final matter concerns whether the Commissioner should make the EAJA award payable to Brent herself rather than directly to her attorney. In Astrue v. Ratliff, — U.S. —, 130 S.Ct. 2521, 2524 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." The Commissioner explains that the Treasury Department's mechanism for identifying payments that may be subject to offset involves matching the taxpayer identification number of the payee against records of debts, and replacing the litigant with the attorney as payee would defeat the Treasury's mechanism for offset. If a litigant has assigned his right to any EAJA fee award to his attorney, however, "the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer. [If there is no indication of any offset], to ignore the assignment and order the fee paid to her would just create a potential collection problem for the lawyer." Mathews-Sheets, 653 F.3d at 565-66.

Brent's motion for attorney's fees asserts that the fee agreement between attorney Barry Schultz and Brent "assigns payment of any EAJA fee to attorney Schultz." (Doc. 47 at 4). The

Commissioner correctly points out that the agreement attached to Brent's motion does not provide for assignment of EAJA fees. (Doc. 47-2). On the current record, any payments tendered pursuant to this opinion are to be made payable directly to Brent. However, if Brent's counsel submits to the Court an assignment of any EAJA award from Brent, consistent with Ratliff, the Commissioner shall evaluate the propriety of directing payment directly to Brent's attorney pursuant to that assignment. Tadros v. Astrue, 2012 WL 965090, at *4 n.2 (N.D. Ill. March 21, 2012).

### III. Conclusion

For these reasons, Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act is granted in the amount of $8,724.27 ($8,690.20 in fees plus $34.07 in costs).

E N T E R:

*Daniel G. Martin*

**Daniel G. Martin**
**United States Magistrate Judge**

**Dated: December 19, 2012**